O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PICKENS and SAVARA HEARNS,<br><br>Plaintiffs,<br><br>v.<br><br><br>MERCEDES-BENZ USA, LLC; and DOES 1 TO 10,<br><br>Defendants. | Case No.: 2:23-cv-04142-MEMF-MRW<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 22]** |

Before the Court is the Motion for Summary Judgment (the "Motion") filed by Defendant Mercedes-Benz USA, LLC ("MBUSA"). ECF No. 22. For the reasons stated herein, the Court hereby DENIES Defendants' Motion for Summary Judgment.

///
///
///
///
///

# BACKGROUND

## I. Background

### A. Factual Background

On December 20, 2021, Robert Pickens and Savara Hearns ("Plaintiffs") purchased a used 2020 Mercedes-Benz GLB250 ("Subject Vehicle"). Mercedes-Benz USA ("Defendant" or "MBUSA") provides a 4 year/50,000 New Vehicle Limited Warranty ("NVLW") on new vehicles. During the time that Plaintiffs owned the Subject Vehicle and within the NVLW period, defects and nonconformities to the warranty manifested themselves, including but not limited to engine and electrical. Plaintiffs allege that the defects and nonconformities substantially impaired the use, value and/or safety of the Subject Vehicle and that Defendant was unable to conform the Subject Vehicle to the NVLW after a reasonable number of repair attempts. Plaintiffs demanded that Defendant offer to repurchase or replace the Subject Vehicle after failing to conform the Subject Vehicle to the NVLW. Defendant maintains that as a non-original purchaser, Plaintiffs are not entitled to protections under the NVLW.

### B. Procedural History

Plaintiffs filed their Complaint in this California State Superior Court on April 7, 2023. ECF No. 1-1 ¶¶ 13–25. ("Compl."). Defendant MBUSA removed the case to U.S. District Court, Central District of California on May 26, 2023. ECF No. 1. The Complaint brings forth one cause of action: Violation of Song-Beverly Act – Breach of Express Warranty. Compl.

On May 2, 2024, Defendant filed its Motion for Summary Judgement. ECF No. 22. In compliance with the Court's Standing Order, the parties filed a Joint Memorandum of Points and Authorities ("MPA"). *Id.* The parties also filed a Joint Statement of Uncontroverted Facts. ECF No. 22-16. The parties filed a Joint Appendix of Declarations and Written Evidence in support of the Motion. ECF 22-1. Defendant filed a Statement of Evidentiary Objections on June 13, 2024. ECF 24.

## II. Applicable Law

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

2

56(a). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A court must view the facts and draw inferences in the manner most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). "A moving party without the ultimate burden of persuasion at trial—usually, but not always, a defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry its burden of production, the moving party must either: (1) produce evidence negating an essential element of the nonmoving party's claim or defense; or (2) show that there is an absence of evidence to support the nonmoving party's case. *Id.*

Where a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. *Id.* at 1102–03. In such cases, the nonmoving party may defeat the motion for summary judgment without producing anything. *Id.* at 1103. However, if a moving party carries its burden of production, the burden shifts to the nonmoving party to produce evidence showing a genuine dispute of material fact for trial. *Anderson*, 477 U.S. at 248–49. Under these circumstances, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is no genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the motion for summary judgment shall be granted. *Id.* at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *See id.* "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). The Court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. *Id.* 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252.

To carry its ultimate burden of persuasion on the motion, the moving party must demonstrate that there is no genuine issue of material fact for trial. *Nissan Fire*, 210 F.3d at 1102; *Celotex Corp.*, 477 U.S. at 323.

### III. Findings of Fact[1]

The Court finds the following material facts are established for trial under Federal Rules of Civil Procedure 56(a) and 56(g):

On December 20, 2021, Robert Pickens and Savara Hearns purchased a used 2020 Mercedes-Benz GLB250, VIN WDC4M4GB3LW006004 from Long Beach Honda. SUF 1. MBUSA was not a party to the sales contract between Plaintiffs and Long Beach Honda, and Long Beach Honda is not an authorized Mercedes-Benz dealer. SUF 3, 4. The only parties to the contract were Long Beach Honda and Plaintiffs. SUF 5. Long Beach Honda and MBUSA are separate entities. SUF 6.

---

[1] The facts set forth below are taken from the parties' respective Joint Statements of Uncontroverted Facts and the stipulated evidence. *See* ECF Nos. 91-1, 92-2. To the extent that any statements of fact are omitted, the Court concludes they are not material to the disposition of this Motion. To the extent that any of the facts set below were allegedly disputed by the opposing party, the Court concludes that no actual dispute exists or that the adopted language resolves the dispute.

In making these Findings of Fact, the Court considered Defendants' Evidentiary Objections. ECF No. 91-3. The Court did not find any evidence that Defendants objected to anything essential to finding any fact stated herein, and therefore need not reach the Evidentiary Objections.

MBUSA provides a 4 year/50,000 New Vehicle Limited Warranty on new vehicles. SUF 27. The NVLW for the Subject Vehicle began on June 8, 2020, approximately 18 months before the Plaintiffs' purchase. SUF 28. The Subject Vehicle was previously leased to a prior customer before it was sold to Plaintiffs. SUF 26. At the time of purchase, the Subject Vehicle had 22,120 miles on the odometer. SUF 2. At the time of Plaintiffs' purchase, the Subject Vehicle retained the balance/remainder of the existing warranties that originally accompanied the Subject Vehicle when it was sold to the original owner. SUF 29. Approximately 2.5 years/27,880 miles were left on the warranty. SUF 29. The warranty provided for "repairs or replacements necessary to correct defects in material or workmanship, but not design, arising during the warranty period." SUF 47. The warranty remains in effect to this day. SUF 47.

During the time that Plaintiffs owned the vehicle, and within the express warranty period, defects and nonconformities to the warranty manifested themselves, including but not limited to engine and electrical defects.[2] Plaintiffs delivered the Subject Vehicle to an authorized Mercedes-Benz repair facility for repair of the nonconformities. The Vehicle Master Inquiry ("VMI") for the Subject Vehicle shows the service history for the Subject Vehicle, including visits to Mercedes-Benz dealerships for maintenance, service, and warranty repairs. SUF 19.

Regarding transfer from original owner to subsequent owner, the NVLW provides the following:

- "Your vehicle is covered under the terms of these warranties and your authorized Mercedes-Benz Dealership will exchange or repair any defective parts in accordance with the terms of such warranties. Please keep this booklet together with the Operator's Manual, Maintenance Booklet and other documents concerning your vehicle so that future owners will have access to this literature if you should sell the vehicle." ECF 22-12 at 5 ("Exh. G"); SUF 48.

---

[2] Although the parties do not raise this fact in the SUF, the Court finds that it is obvious that defects and nonconformities to the warranty occurred.

- "Mercedes-Benz USA, LLC (MBUSA) warrants to the original and each subsequent owner of a new Mercedes-Benz vehicle that any authorized Mercedes-Benz Dealership will make any repairs or replacements necessary to correct defects in material or workmanship, but not design, arising during the warranty period." Exh. G at 8; SUF 48.
- "Receipts covering completion of required servicing should be retained in the event a question arises concerning maintenance. These receipts should be transferred to each subsequent owner of the vehicle." Exh. G at 17-18; SUF 48.

### IV.     The Subject Vehicle falls within the definition of "new motor vehicle" under the Song-Beverly Act.

"The Song-Beverly [] Act represents the Legislature's response to the increasing exploitation in product advertising. If a manufacturer elects to provide an express warranty for consumer goods such as motor vehicles, the Act protects buyers in a number of ways." *Jensen*, 35 Cal. App. 4th 119, 121 (1995). Specifically, "if the manufacturer or its representative in this state is unable to service or repair a new motor vehicle . . . to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either promptly replace the new motor vehicle . . . or promptly make restitution to the buyer . . . " Cal. Civ. Code § 1793.2, subd. (d)(2).

The parties do not contest that Plaintiffs purchased the Subject Vehicle with a balance remaining on the warranty. The issue in dispute in the present motion is whether MBUSA was required to promptly replace the Subject Vehicle or make restitution to Plaintiffs. The issue lies in the definition of "new motor vehicle" in the context of the Song-Beverly Act. Plaintiffs maintain that although the Subject Vehicle was "used" when they purchased it, under the provisions of the Act, it is still defined as a new vehicle in this context. Defendant maintains that language of the statute does not define used vehicles with a balance remaining on the warranty as "new vehicles," and therefore, the Subject Vehicle did not qualify for any protections provided by the Song-Beverly Act.

Section 1793.22 subdivision (e)(2), defines a "new motor vehicle" as:

> [A] new motor vehicle which is used or bought for use primarily for personal, family, or household purposes. *'New motor vehicle' includes the chassis, chassis cab, and that portion of a motor home devoted to its propulsion*, but does not include any portion designed, used,

or maintained primarily for human habitation, *a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty* but does not include a motorcycle or a motor vehicle which is not registered under the Vehicle Code because it is to be operated or used exclusively off the highways. *A 'demonstrator' is a vehicle assigned by a dealer for the purpose of demonstrating the qualities and characteristics common to vehicles of the same or similar model and type*. (Emphasis added.)

The relevant language from section is "or other motor vehicle sold with a manufacturer's new car warranty." *Id.* Both parties believe that the language of the "new motor vehicle" definition is clear, but they disagree on its meaning. Plaintiffs contend that this portion of the "new vehicle" definition specifically includes "used" vehicles that were sold to a subsequent owner with a balance remaining on the warranty. Defendant contends that the phrase "other motor vehicle sold with a manufacturer's new car warranty" limits warranty coverage to vehicles that have never before been sold to a consumer.

Plaintiffs reach their conclusion by relying on *Jensen*, a 1995 California Court of Appeal case that has defined this area of California law until very recently – protecting consumers who purchase used vehicles with a remaining warranty balance. *Jensen*, 35 Cal. App. 4th at 121.[3] *Jensen* concluded that "the words of section 1793.22 are reasonably free from ambiguity, and cars sold with a balance remaining on the manufacturer's new motor vehicle warranty are included within its definition of new motor vehicle if they are 'sold with a manufacturer's new car warranty.'" *Id.* at 123. In *Jensen*, the plaintiff purchased a vehicle with a balance remaining on the warranty from a dealership. *Id.* at 119. The dealer in *Jensen* misled the plaintiff into believing that she was receiving a "factory demo," but that fact did not contribute to the court's "new vehicle" analysis under Section 1793.22. *Id.* The *Jensen* court's analysis focused on "cars sold with a balance remaining on the new motor vehicle warranty." *Id.* at 126. !

It reasoned that a plain language interpretation of the statute that includes this class of vehicle in the "new vehicle" category "is consistent with the Act's purpose as a remedial measure." *Id.* The

---

[3] Another California Court of Appeals case aligning with Jensen was decided in May of this year. *Stiles v. Kia Motors Am., Inc.*, 101 Cal. App. 5th 913 (2024). The court held that "the warranty arose when [Plaintiff's] car was first sold to a consumer, the car still qualifies as a 'motor vehicle sold with a manufacturer's new car warranty." *Id.* at 918.

*Jensen* court held that the Song-Beverly Act reflects the Legislature's intent to make car manufacturers live up to their express warranties, whatever the duration of coverage. *Id.* at 127.

Defendant adopts its position from *Rodriguez*, a 2022 California Court of Appeal case that reaches a much different conclusion about the Song-Beverly Act than *Jensen*. *Rodriguez*, 77 Cal. App. 5th 209 (2022). *Rodriguez* holds that the Section 1793.22 language defining new motor vehicles as "other motor vehicle sold with a manufacturer's new car warranty" only includes vehicles sold with a balance remaining if they were "dealer owned vehicles" or "demonstrators." *Id.* at 220. For the purposes of analyzing whether the Act applies to "used" vehicles with a remaining warranty balance, the facts in *Rodriguez* are indistinguishable from *Jensen* or the present case. In *Rodriguez*, the plaintiffs purchased a two-year-old vehicle with approximately 45,000 miles remaining on its five-year/100,000 mile limited powertrain warranty. *Id.* at 215. A year later, defects and nonconformities to the warranty manifested themselves in the vehicle, and the manufacturer was unable to remedy the issue. *Id.* Plaintiffs brought suit and lost at summary judgement, with the court holding that "'other motor vehicle sold with a manufacturer's new car warranty' refers to cars sold with a full warranty, not to previously sold cars accompanied by some balance of the original warranty."

The California Supreme Court has granted review for *Rodriguez*. 77 Cal. App. 5th 209 (2022), *rev. granted* 295 Cal. Rptr. 3d 351. The case is fully briefed and awaiting scheduling of oral arguments. *Id.* In granting review, the California Supreme Court ordered that: "Pending review, the opinion of the Court of Appeal…may be cited, not only for its persuasive value, but also for the limited purpose of establishing the existence of a conflict in authority that would in turn allow trial courts to exercise discretion…to choose between sides of any such conflict." ECF 22-10 at 7 ("Exh. E").[4]

The dispute between *Jensen* and *Rodriguez* concerns the proper interpretation of the following language from Section 1793.22: "'New motor vehicle' includes the chassis, chassis cab,

---

[4] Defendant cites a number of U.S. District Court decisions that found *Rodriguez* persuasive. This Court, on the other hand, exercises its discretion in favor of interpreting the Song-Beverly Act as it was decided in *Jensen*.

and that portion of a motor home devoted to its propulsion, . . . [and] a dealer-owned vehicle and a 'demonstrator' **or** other motor vehicle sold with a manufacturer's new car warranty." The *Jensen* court found that "the use of the word 'or' in the statute indicates that 'demonstrator' and 'other motor vehicle' are intended as alternative or separate categories of 'new motor vehicle' if they are 'sold with a manufacturer's new car warranty.'" *Jensen*, 35 Cal. App. 4th at 123. The *Rodriguez* court, on the other hand, finds that the phrase "*or other motor vehicle sold with a manufacturer's new car warranty*" is not a standalone category of "new vehicle" but is used as an adjectival clause qualifying or describing "dealer owned vehicles and demonstrators." *Rodriguez*, 77 Cal. App. 5th at 220. The *Rodriguez* court reasons that the phrase at issue does not identify a new and different class of vehicle but, rather, was intended to "function as a catchall provision to cover a narrow class of vehicle – the previously driven, but basically new (i.e., not previously sold) car." *Id.*[5]

This Court is not persuaded by the logic in *Rodriguez*. Section 1793.22 concludes by defining a demonstrator as "a vehicle assigned by a dealer for the purpose of demonstrating qualities and characteristics common to vehicles of the same or similar model and type." This definition in the same paragraph as the phrase at issue would be redundant if the phrase "or other motor vehicle sold with a manufacturer's new car warranty" did, in fact, also qualify and describe a demonstrator vehicle.

Rather, the Court is persuaded by the interpretation articulated in *Jensen*, that "or other motor vehicles sold with a manufacturer's warranty" represents an additional category of "new vehicle" protected by the Song-Beverly Act. Although MBUSA suggests that Jensen's interpretation is erroneous because it essentially treats a "used vehicle" as a "new vehicle," actually on these facts, this interpretation makes perfect sense as—consistent with the clear purpose of the statute—it would hold manufacturers accountable for honoring the new vehicle warranties that they issued, whether or

---

[5] The *Rodriguez* court found that *Jensen* was correctly decided but must be read "in light of the facts then before the court and are limited in that respect." *Rodriguez*, 77 Cal. App. 5th at 220. It found that those facts included a car leased with a *full* manufacturer's warranty issued by the manufacturer's representative and that the court was not asked to decide whether a used car with an unexpired warranty qualified as a "new motor vehicle." *Id.* This Court is not persuaded that *Jensen* is limited to this narrow class of vehicle and instead interprets the case and the statute to define vehicles with a remaining warranty balance as "new."

not the vehicle is owned by the original owner.[6] Accordingly, individuals who purchase used vehicles with a remaining warranty balance are entitled to the protections of the Song-Beverly Act because the original sale was of a new motor vehicle, and manufacturers have an ongoing duty under the Song-Beverly Act to "carry out the terms of those warranties." *Kiluk v. Mercedes-Benz USA, LLC*, 43 Cal. App. 5th 334, 340 n.4. MBUSA argues that this theory is misguided because it would mean that a car sold with a 4-year/50,000 mile warranty would still be considered a "new motor vehicle," even if it was resold at year three and with 45,000 miles. But of course it would. Under MBUSA's scenario, there is no reason that warranty coverage should be provided to the original owner but not to a subsequent owner. The sale of the vehicle has nothing to do with the ongoing duty that manufacturers hold when they provide warranties.

In addition to the fact that the sentence structure in question lends itself to this conclusion, the Court considers the fact that, under California law, consumer-protection statutes are to be liberally construed in favor of their protective purposes. *Niedermeier v. FCA U.S. LLC*, 543 P.3d 935, 940 (2024). "Consumer protection laws must be liberally, not narrowly applied." *Maldonado v. Fast Auto Loans, Inc.*, 60 Cal. App. 5th 710, 721 (2021). Here, the Song-Beverly Act is definitively a consumer protection act. Even if the Court found that ambiguity remained about whether the language of the Act guarantees warranty protections for individuals who purchased vehicles with remaining warranty balances, the rule favoring a liberally applied consumer protection act would tip that ambiguity in the Plaintiffs' favor.

Accordingly, the Court finds that the provision of the Song-Beverly Act that defines "new vehicles" includes vehicles sold to subsequent owners with a remaining warranty balance. Therefore, the Court does not find that MBUSA is entitled to summary judgment as a matter of law.

---

[6] The Court notes also that the language of the warranty clearly contemplates that the warranty transfers from original to subsequent owners: "Mercedes-Benz USA, LLC (MBUSA) warrants to the original and each subsequent owner . . ." Exh. G at 8; "Please keep this booklet together with the Operator's Manual, Maintenance Booklet and other documents concerning your vehicle so that future owners will have access to this literature if you should sell the vehicle." Exh. G at 5; "These receipts should be transferred to each subsequent owner of the vehicle." Exh. G at 17-18.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED**.

Dated: September 27, 2024

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge